UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ANTHONY ARMSTEAD (#624754)                                    CIVIL ACTION

VERSUS

JASON KENT, ET AL.                                            NO. 19-86-BAJ-SDJ

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on October 4, 2021.

SCOTT D. JOHNSON
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ANTHONY ARMSTEAD (#624754)                                CIVIL ACTION

VERSUS

JASON KENT, ET AL.                                        NO. 19-86-BAJ-SDJ

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The State has filed an opposition to the petitioner's application. *See* R. Doc. 8, 9. There is no need for oral argument or for an evidentiary hearing.

On February 3, 2019, the *pro se* petitioner, an inmate confined at Dixon Correctional Institute, Jackson, Louisiana, filed this habeas corpus proceeding pursuant to 28 U.S.C. § 2254, attacking his 2014 criminal conviction and sentence pursuant to a guilty plea entered in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, on one count of manslaughter and two counts of attempted second degree murder. The petitioner asserts that he received ineffective assistance of counsel because his counsel incorrectly advised him that he would only serve fifty percent of the sentence.

**Procedural History**

On April 23, 2014, the petitioner pled guilty to one count of manslaughter and two counts of attempted second degree murder and was sentenced to 40 years at hard labor without the possibility of parole, probation, or suspension of sentence. The petitioner did not pursue a direct appeal. On February 24, 2015, the petitioner filed an application for post-conviction review

2

("PCR"). Upon adopting the Commissioner's recommendations, the trial court denied the petitioner's PCR on September 10, 2015.

On or about June 6, 2017, the petitioner filed a petition for a writ of mandamus at the First Circuit Court of Appeal ("First Circuit"), requesting that the First Circuit order the trial court to issue a judgment on his PCR application. The First Circuit denied the petition as moot on July 24, 2017, referring to the trial court's September 10, 2015 ruling dismissing the petitioner's PCR application. On or about August 22, 2017, the petitioner filed an application for supervisory review of the dismissal of his PCR application with the First Circuit, arguing that he never received a copy of the trial court's ruling and arguing that he received ineffective assistance of counsel during the plea bargain proceedings. On November 16, 2017, the First Circuit issued the following opinion:

> **WRIT GRANTED IN PART AND DENIED IN PART.** The district court did not err in disallowing the benefits of suspension of sentence and probation. See La. Code Crim. P. art. 893(A). The district court did, however, commit error by ordering relator's manslaughter sentence served without the benefit of parole as the penalty provision does not contain this restriction. See La. R.S. 14:31(B). Accordingly, we amend the sentence on Count I to delete the restriction on parole eligibility, and the district court is instructed to record this amendment in the court minutes, and to revise the commitment order. This amendment does not implicate that relator is entitled to parole as that determination is solely a function of the Department of Corrections. See La. R.S. 15:574.4, et seq. In all other respects, this writ is denied. Relator failed to meet his burden of showing that he is entitled to relief on his claims of ineffective assistance of counsel. See La. Code Crim. P. art. 930.2; Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). A defendant may not seek review of a sentence imposed in conformity with a plea agreement which was set forth in the record at the time of the plea. See La. Code Crim. P. art. 881.2(A)(2). Furthermore, claims of excessiveness and ineffective assistance of counsel at sentencing may not be raised in an application for postconviction relief. See State v. Cotton, 2009–2397 (La. 10/15/10), 45 So. 3d 1030 (*per curiam*); State ex rel. Melinie v. State, 93–1380 (La. 1/12/96), 665 So.2d 1172 (*per curiam*).

*State v. Armstead*, 2017-1183 (La. App. 1 Cir. 11/16/17), 2017 WL 5499202. The Louisiana Supreme Court denied further review on January 8, 2019. On February 3, 2019, the petitioner filed the instant petition for habeas corpus.

## Applicable Law and Analysis

### Timeliness

Pursuant to 28 U.S.C. § 2244(d), there is a one-year statute of limitations applicable to federal habeas corpus claims brought by prisoners in state custody. This limitations period begins to run on the date that the judgment becomes final through the conclusion of direct review or through the expiration of time for seeking such review. 28 U.S.C. § 2244(d)(1)(A). As provided by the referenced statute, the time during which a properly filed application for state post-conviction or other collateral review is thereafter pending before the state courts with respect to the pertinent judgment or claim shall not be counted toward any part of the one-year limitations period. 28 U.S.C. § 2244(d)(2). However, the time during which there are no properly filed post-conviction or other collateral review proceedings pending does count toward calculation of the one-year period. To be considered "properly filed" for purposes of § 2244(d)(2), an application's delivery and acceptance must be in compliance with the applicable laws and rules governing filings. *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005), *citing Artuz v. Bennett*, 531 U.S. 4, 8 (2000). Further, a properly-filed state application is considered to be "pending" both while it is before a state court for review and also during the interval after a state court's disposition while the petitioner is procedurally authorized under state law to proceed to the next level of state court consideration. *See Melancon v. Kaylo*, 259 F.3d 401, 406 (5th Cir. 2001).

4

Respondents argue that the petitioner's application is untimely because he did not file his writ application with the First Circuit within thirty days of the trial court's ruling on his PCR application, in violation of Louisiana Uniform Court of Appeal Rule 4-3. Petitioner argues that his petition is timely because the trial court failed to provide him with a copy of the ruling dismissing his PCR. The petitioner also points out that he sought a writ of mandamus with the First Circuit seeking to compel the trial court to issue a ruling. After reviewing applicable precedent on this issue, the Court determines that the petition is, in fact, timely.

The facts presented in the case *sub judice* are not unlike the facts addressed by the Fifth Circuit in *Grillette v. Warden, Winn Corr. Ctr.*, 372 F.3d 765 (5th Cir. 2004). In *Grillette*, the petitioner failed to comply with Louisiana Courts of Appeal Uniform Rule 4-3 because he did not file his writ application within thirty days of the trial court's ruling dismissing his PCR. Grillette argued that he was entitled to statutory tolling because he orally advised the trial court that he intended to seek a writ of supervisory review. The Fifth Circuit concluded that Grillette was entitled to statutory tolling, notwithstanding his failure to comply with Rule 4-3:

> Rule 4-3, however, prohibits the Court of Appeal from considering the merits of an application that is not filed with the appellate court within the original or extended return date, "in the absence of a showing that the delay in filing was not due to the applicant's fault." Because the Court of Appeal did consider the merits of Grillette's application, it must have determined that the application was timely either because the trial court impliedly extended the return date and/or because the delay was not due to Grillette's fault.
>
> Moreover, as Grillette correctly points out, when the denial of an application is based on untimeliness, Louisiana courts routinely and unmistakably indicate so in their opinions…Thus, had the Louisiana Court of Appeal decided to reach the merits of the application notwithstanding a determination that the application was untimely, it appears that the court would have indicated any such untimeliness in its opinion.

5

*Id.* at 775.

Here, the petitioner asked the First Circuit to consider his writ application because he never received a copy of the trial court's ruling dismissing his PCR. As noted by the Fifth Circuit in *Grillette*, Rule 4-3 permits the First Circuit to review the merits of an untimely petition if the delay was not due to the petitioner's fault. While the November 16, 2017 opinion is silent on the issue, the First Circuit must have made a determination that the failure to comply with Rule 4-3 was not the petitioner's fault because it ruled on the merits of the petitioner's writ and made no indication in the opinion that it was untimely. Accordingly, the Court will consider the statute of limitations to be tolled during the entire time the petitioner's PCR was pending in the state courts, from February 24, 2015, through the Louisiana Supreme Court's ultimate writ denial on January 8, 2019.

The petitioner was sentenced on April 23, 2014. Because the petitioner did not appeal, the judgment became final on May 23, 2014, upon the passage of the time allowed for him to pursue an appeal (30 days after his sentencing).[1] Approximately 277 days of untolled time elapsed between the time the petitioner's judgment became final and when he filed his PCR application on February 24, 2015. As discussed above, the statute of limitations remained tolled until the Louisiana Supreme Court denied the petitioner's writ application on January 8, 2019. Approximately 26 days of untolled time elapsed until the petitioner filed his petition for habeas

---

[1] *See Williams v. Louisiana,* Civ. No. 10-1521, 2011 WL 1527219 (E. D. La. Mar. 28, 2011) (report and recommendation adopted, 2011 WL 1527027), *citing Roberts v. Cockrell,* 319 F.3d 690, 694–95 (under federal habeas law, a conviction is final when the state defendant does not timely proceed to the next available step in the state appeal process); Louisiana Code of Criminal Procedure article 914 provides, in pertinent part, that a motion for an appeal must be made no later than 30 days after the rendition of the judgment or ruling from which the appeal is taken.

corpus relief. This resulted in a total of 303 days of untolled time. Accordingly, as less than a year elapsed during which the petitioner did not have any properly-filed applications for post-conviction or other collateral review pending before the state courts, the petitioner's application is timely.

**Exhaustion**

Next, Respondents argue the petitioner failed to exhaust his sole claim for ineffective assistance of counsel in state court. Particularly, Respondents contend the petitioner never presented a theory of ineffective assistance of counsel regarding parole eligibility at the state court level. Rather, Respondents argue the state court considered the petitioner's PCR application as asserting a claim for breach of plea agreement and ineffective assistance of counsel for failure to investigate.

The petitioner filed his PCR application on February 24, 2015. In his briefing to the trial court, the petitioner argued that he was entitled to relief because there was a breach of the plea agreement. The petitioner argued that his plea was involuntary because the prosecutor and his attorney deceived him into believing he would only serve half of the 40-year sentence if he accepted the plea agreement. On page 9 of the petitioner's PCR brief, he states:

> The questions presented are; [w]hether or not the plea of guilty by the petitioner was free and voluntary or, in the alternative, was based on misrepresentations and the inadequate advice of counsel.

The petitioner's brief also cites United States Supreme Court precedent on the standard for assessing counsel's competency in the context of a guilty plea, including *McMann v. Richardson*, 397 U.S. 759 (1970) and *Tollet v. Henderson*, 411 U.S. 258, 267 (1973). *Hill v. Lockhart*, 474

U.S. 52 (1985), also cited by the petitioner in his PCR brief, specifically addresses how *Strickland v. Washington*, 466 U.S. 668 (1984), is applied in the context of a guilty plea.

When addressing the voluntariness of the plea in her opinion, the Commissioner began by rejecting the Respondents' argument that the petitioner had waived all non-jurisdictional defects, stating "a claim of pre-plea ineffective assistance of counsel is not a jurisdictional defect that is waived by a defendant's 'unqualified' guilty plea. The Commissioner evaluated the transcript of the sentencing hearings and determined that the plea was voluntary, no assurances were made on the record to the petitioner that he would only serve half of his sentence, and the prosecutor specifically stated on the record that neither the prosecutor nor the court had any control over when the petitioner might become parole eligible. The Commissioner also found that the petitioner failed to show that his counsel induced him into pleading guilty.

In the instant petition for habeas corpus, the petitioner contends,

> [H]is guilty plea was involuntary because of ineffective assistance of counsel in that his attorney, Randal Alandre Toaston, advised him that if he pleaded guilty, he would become eligible for parole after serving one-half of his prison sentence, when in fact, he was required under Louisiana law to serve eighty-five percent of his sentence before he can become eligible for parole.[2]

To satisfy the exhaustion requirement, "a habeas petitioner must have fairly presented the substance of his claim to the state courts." *Anderson v. Johnson,* 338 F.3d 382 (5th Cir.2003), citing *Nobles v. Johnson,* 127 F.3d 409, 420 (5th Cir.1997), *Picard v. Connor,* 404 U.S. 270, 275–76, 92 (1971). To exhaust a claim, a habeas petitioner must have fairly presented the substance of his claim to the state courts; it is not enough that the facts applicable to the federal

---

[2] R. Doc. 1, p. 2.

claim were all before the State court, the federal claim must be the substantial equivalent of the claim brought before the State court. *Young v. Davis*, 835 F.3d 520 (5th Cir. 2016).

      Here, the Court finds that the petitioner presented the substantial equivalent of his federal habeas claim to the state court. The petitioner argued in his PCR application that his plea was involuntary because it was allegedly based on misrepresentations made by his trial counsel. The petitioner also cited federal case law on the evaluation of effectiveness of counsel during the guilty plea process. The record also demonstrates that the Commissioner considered the petitioner's claim to be a pre-plea ineffective assistance of counsel claim. It appears that the Commissioner did not engage in a full examination of *Strickland* because she found that the record contradicted the factual basis of the petitioner's claim. Accordingly, the Court finds that the petitioner's ineffective assistance of counsel claim is exhausted.

**<u>Merits</u>**

      The standard of review in this Court is that set forth in 28 U.S.C. § 2254(d). Pursuant to that statute, an application for a writ of habeas corpus shall not be granted with respect to any claim that a state court has adjudicated on the merits unless the adjudication has "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Relief is authorized if a state court has arrived at a conclusion contrary to that reached by the Supreme Court on a question of law or if the state court has decided a case differently than the Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 413 (2000).

Relief is also available if the state court has identified the correct legal principle but has unreasonably applied that principle to the facts of the petitioner's case or has reached a decision based on an unreasonable factual determination. *See Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000). Mere error by the state court or mere disagreement on the part of this Court with the state court determination is not enough; the standard is one of objective reasonableness. *Id*. *See also Williams v. Taylor*, *supra*, 529 U.S. at 409 ("[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable"). State court determinations of underlying factual issues are presumed to be correct, and the petitioner has the burden to rebut that presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The petitioner asserts one claim in his federal petition for habeas corpus relief: he was denied effective assistance of counsel because his trial counsel induced him into pleading guilty by misrepresenting the length of the sentence he would serve once convicted. The petitioner contends his counsel advised him he would only serve half of his sentence (20 years) when Louisiana law requires that he serve eighty-five percent of his sentence (35 years). The petitioner avers that he would not have plead guilty had he known he would not be eligible for parole for 35 years. The Respondent's argue that the petitioner's claim lacks merit because the state court did not unreasonably apply the *Strickland* standard to the petitioner's case.

The state court ruling on the petitioner's PCR application found that the transcripts of the proceedings contradicted the factual basis of the petitioner's ineffective assistance of counsel claim (in pertinent part):

> The Court then told Petitioner that he was going to "walk him through the *Boykin* process." The Court said Petitioner was charged

10

with having killed a person in Count One, and in Count Two and Three, he was charged with having attempted to kill two other people. The Petitioner replied that he understood the charges. The Court stated, "I am told that you want to resolve the complaints of the attempted murders and the murder by pleading guilty to a Manslaughter, which is a lower level of killing of a human being." Petitioner replied, "Yes Sir." The Court told Petitioner that "we talked yesterday that the penalty for that type of crime." The Court then told Petitioner that he would be given forty years on the Manslaughter charge and "if you go forward and plead guilty to counts two and three, the attempted 2nd Degree Murder charges, I am going to impose ten years on both of those charges." The Court further explained that "the two ten-year terms will run at the same time that the forty-year term will run."

The Court then asked if Petitioner understood the terms of the agreement and inquired whether he had talked it over with family. The Petitioner informed the Court that he had spoken to his uncle and had conferred with his family and decided to take the State's offer. The Petitioner again acknowledged that he understood these rights and his waiver of said rights when prompted by the Court as to whether or not he understood. Petitioner acknowledged that he understood the rights he was waiving by not going to trial.

Contrary to Petitioner's claim that he was promised parole eligibility, the ADA specifically said, "it is my understanding that the defense review of the parole eligibility requirements at recess may have been the event that has prompted them to take this offer. I just want to make it very clear that I—neither I nor the Court has any control as to when he becomes eligible for parole. Therefore, …I just don't want there to be any misapprehension on the defendant's part that we are agreeing to let him out of jail at a date certain. That is purely a function of the department of corrections and their rules regarding parole."

Accordingly, Petitioner's contention that his guilty plea was given involuntarily is without merit and contrary to the record. The above discussion illustrates that the Petitioner's claims are meritless and contrary to the record and that the agreed upon sentence was imposed by the Court in accordance with the plea agreement and the law. The colloquy articulated at the Tuesday, April 23, 2014 *Boykin* clearly shows that neither the State nor the Court made any assurances that Petitioner would be eligible to serve only fifty percent of his sentence. Further, neither has Petitioner shown that

11

> his counsel induced him into pleading guilty. This claim should be
> dismissed and the State's procedural objection should be granted.

After review of the entire record, including the transcripts from the guilty plea proceedings, the Court finds that the trial court's ruling is neither contrary to nor an unreasonable application of federal law. In *U.S. v. Cervantes* 132 F.3d 1106 (5th. Cir. 1998), the Fifth Circuit held that an affidavit, standing alone, cannot support a claim of an unkept promise in a habeas petition which contradicts the defendant's own sworn testimony at his plea hearing. Here, petitioner submits his sworn petition and the allegations therein as the only evidence his counsel advised him that he would only serve half of his sentence. However, these allegations are contradicted by the statements in court during the plea colloquy. "Solemn declarations in open court carry a strong presumption of verity," creating a "formidable barrier in any subsequent collateral proceedings." *Id.*

The petitioner has failed to cross this barrier. The Commissioner made findings of fact that the guilty plea transcripts contradicted the factual basis of the petitioner's ineffective assistance of counsel claim. The petitioner's sworn allegations are insufficient to overcome the declarations in open court during the plea and are insufficient to rebut the presumption that the Commissioner's findings of fact were correct by clear and convincing evidence. For the foregoing reasons, the Court finds no merit to the petitioner's sole claim of ineffective assistance of counsel.

### Certificate of Appealability

Should the petitioner pursue an appeal, a certificate of appealability should also be denied. An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. §

2253(c)(1)(A). Although the petitioner has not yet filed a Notice of Appeal herein, the Court may address whether she would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). A certificate of appealability may issue only if a habeas petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

In cases where the Court has rejected a petitioner's constitutional claims on substantive grounds, a petitioner must demonstrate that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Pippin v. Dretke*, 434 F.3d 782, 787 (5th Cir. 2005), *quoting Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In the instant case, the Court finds that reasonable jurists would not debate the denial of petitioner's application or the correctness of the substantive ruling. Accordingly, it is appropriate that, in the event that the petitioner seeks to pursue an appeal in this case, a certificate of appealability should be denied.

## RECOMMENDATION

It is recommended that the petitioner's application for habeas corpus relief be denied, and that this proceeding be dismissed. It is further recommended that, in the event the petitioner pursues an appeal in this case, a certificate of appealability be denied.

Signed in Baton Rouge, Louisiana, on October 4, 2021.

*[signature]*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**